IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STREAMLINE PRODUCTION GROUP, LLC, ) | |
| ) | Case No: 3:23-bk-02638 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. 3:25-ap-90080 |
| ) | |
| vs. ) | |
| ) | |
| GO LIVE PRODUCTIONS, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. 3:25-ap-90081 |
| ) | |
| vs. ) | |
| ) | |
| HEMPHILL BROTHERS LEASING ) | |
| COMPANY, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

| EVA M. LEMEH, TRUSTEE, | ) | |
|---|---|---|
| | ) | |
| PLAINTIFF. | ) | Adv. Proc. No. 3:25-ap-90083 |
| | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL ANDREWS AUDIO VISUAL | ) | |
| SERVICES INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: August 15, 2025**
**IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: September 10, 2025, at 11:00 a.m., in Courtroom 2, United States Bankruptcy Court, 701 Broadway, Nashville, Tennessee (Virtual Hearing if Allowed; See Court's Website for Details)**

NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT

Eva M. Lemeh, Trustee, has asked the court for the following relief: approval of compromise and settlement of three adversary proceedings.

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before August 15, 2025, you or your attorney must:

1. File with the court your response or objection explaining your position. **PLEASE NOTE: THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE REQUIRES ELECTRONIC FILING. ANY RESPONSE OR OBJECTION YOU WISH TO FILE MUST BE SUBMITTED ELECTRONICALLY. TO FILE ELECTRONICALLY, YOU OR YOUR ATTORNEY MUST GO TO THE COURT WEBSITE AND FOLLOW THE INSTRUCTIONS AT: <https://ecf.tnmb.uscourts.gov>.**

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584.

2. **Your response must state that the deadline for filing responses is August 15, 2025, the date of the scheduled hearing is September 10, 2025, and the motion to which you are responding is the Trustee's Motion to Approve Compromise and Settlement.**

3. You must serve your response or objection **by electronic service through the Electronic Filing system** described above. You must also mail a copy of your response or objection to:

2

| Eva M. Lemeh, Trustee | United States Trustee | Phillip G. Young, Jr. |
| --- | --- | --- |
| 380 Spring Creek Rd. | 701 Broadway, Customs House Suite 318 | Thompson Burton PLLC |
| Lebanon, TN 37087 | Nashville, TN 37203 | One Franklin Park |
| | | 6100 Tower Circle, Suite 200 |
| | | Franklin, TN 37067 |

If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by calling the Clerk's office at (615) 736-5584 or viewing the case on the Court's website at <https://ecf.tnmb.uscourts.gov>.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: July 25, 2025

By: /s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

3

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STREAMLINE PRODUCTION GROUP, LLC, ) | |
| ) | Case No: 3:23-bk-02638 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. 3:25-ap-90080 |
| ) | |
| vs. ) | |
| ) | |
| GO LIVE PRODUCTIONS, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. 3:25-ap-90081 |
| ) | |
| vs. ) | |
| ) | |
| HEMPHILL BROTHERS LEASING ) | |
| COMPANY, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

| EVA M. LEMEH, TRUSTEE, | ) | |
|---|---|---|
| PLAINTIFF. | ) ) | Adv. Proc. No. 3:25-ap-90083 |
| vs. | ) ) ) ) | |
| MICHAEL ANDREWS AUDIO VISUAL SERVICES INC., | ) ) ) | |
| DEFENDANT. | ) ) | |

**TRUSTEE'S MOTION TO
APPROVE COMPROMISE AND SETTLEMENT**

Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), hereby moves (the "Motion") this Court for entry of an order (the "Order"), substantially in the form submitted herewith, approving the compromise and settlement of three adversary proceedings filed in this matter. In support of this Motion, the Trustee respectfully represents as follows:

BACKGROUND

1. On July 25, 2023, Streamline Production Group, LLC (the "Debtor") filed a voluntary Chapter 7 petition in this Court. Eva M. Lemeh was appointed to serve as the Chapter 7 Trustee in this case.

2. The Trustee, through her counsel, reviewed the Debtor's list of transfers within the year prior to the bankruptcy filing and determined that several individuals or entities received potentially preferential transfers prior to the filing of the bankruptcy petition.

3. More specifically, and pertinent to this Motion, the Trustee discovered that Go Live Productions, LLC ("LLC") received payments in the total amount of $12,062.80 (the "Go Live Transfers") in the ninety (90) day period prior to the Petition Date. Hemphill Brothers Leasing Company, LLC ("Hemphill") received payments in the total amount of $42,781.88 (the "Hemphill

2

Transfers") in the ninety (90) day period prior to the Petition Date. Michael Andrews Audio Visual Services, Inc. ("MAAVS") received payments in the total amount of $33,635.15 (the "MAAVS Transfers") in the ninety (90) day period prior to the Petition Date.

4. On July 21, 2025, the Trustee filed the following complaints pertinent to this Motion:

| Adversary Proceeding No. (the "APs") | Defendant (the "Defendants") |
|---|---|
| 25-90080 | Go Live Productions, LLC |
| 25-90081 | Hemphill Brothers Leasing Company, LLC |
| 25-90083 | Michael Andrews Audio Visual Services, Inc. |

5. Each of the Defendants responded informally to the APs alleging certain defenses, offsets and/or counterclaims. After evaluating these defenses of the Defendants, the Trustee has agreed to compromise and settle each of the APs. The rationale for the settlement for each of the APs, and the terms of each settlement, are as follows:

    (a) Go Live Productions, LLC; AP No. 25-90080: The Trustee has agreed to dismiss this AP in exchange for payment by the Defendant of $2500.00 plus waiver of all claims. In this AP, the Trustee alleged that the Defendant received $12,062.80 in preferential transfers. However, the Defendant demonstrated that it received only approximately $5,000 in the preference period. The Defendant demonstrated an ordinary course defense as to all transfers. In light of the strength of this defense, and the cost to continue to pursue this matter, the Trustee believes that the proposed settlement is in the best interest of this estate.

    (b) Hemphill Brothers Leasing Company, LLC; AP No. 25-90081: The Trustee has agreed to dismiss this AP in exchange for payment by the Defendant of $13,572.81 plus a waiver of any claims the Defendant might have against this estate. In this AP, the Trustee alleged that the Defendant received $42,781.88 in preferential transfers. However, the Defendant demonstrated that it received only $27,145.61 in the preference period. The Defendant, through counsel, alleged new value and ordering course defenses. In light of the strength of these defenses, and the cost to continue to pursue this matter, the Trustee believes that the proposed settlement is in the best interest of this estate.

    (c) Michael Andrews Audio Visual Services, Inc.; AP No. 25-90083: The Trustee has agreed to dismiss this AP in exchange for payment by the Defendant of $16,817.58 plus a waiver of any claims the Defendant might have against this estate on account of the

3

payment of this settlement amount. In this AP, the Trustee alleged that the Defendant received $33,635.15 in preferential transfers. The Defendant, through counsel, alleged ordering course defenses. In light of the strength of these defenses, and the cost to continue to pursue this matter, the Trustee believes that the proposed settlement is in the best interest of this estate.

6. It is the Trustee's opinion that these settlements are in the best interest of the estate and should be accepted. To avoid the cost of litigation, the Trustee believes that these proposed settlements are more beneficial to the creditors than continued litigation.

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicate for the relief requested herein is section 105 of the Bankruptcy Code and rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019").

## RELIEF REQUESTED

10. By the Motion, the Trustee seeks an order approving the settlement and compromise of these adversary proceedings as detailed in Paragraph 5 above.

## APPLICABLE AUTHORITY

11. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. See Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. See, e.g., In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar Harbour

4

Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

12. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

- the probability of success in litigation;

- the difficulty in collecting any judgment that may be obtained;

- the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it;

- the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-245 (1968); Fishell, 1995 W.L. 66622, at *3; In re Barton, 45 B.R. 225, 227 (M.D. Tenn. 1984); In re Pennsylvania Truck Lines, Inc., 150 B.R. 595, 598 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting, Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); In re Neshaminy Office Bldg. Assoc's., 62 B.R. 798, 803 (E.D. Pa. 1986).

13. The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved, but need only fall "within the reasonable range of litigation possibilities." In re Penn Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). In making its determination, a court should not substitute its own judgment for that of the debtor. Neshaminy Office, 63 B.R. at 803.

14. Under the circumstances presented here, the Trustee has satisfied the applicable standards.

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted herewith and grant such other and further relief as is appropriate under the circumstances.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served this 25th day of July, 2025, upon all parties of record through the Court's electronic filing system and by U.S. Mail to all parties listed on the creditor matrix attached hereto.

/s/ Phillip G. Young, Jr.

PROPOSED

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STREAMLINE PRODUCTION GROUP, LLC, ) | |
| ) | Case No: 3:23-bk-02638 |
| ) | Chapter 7 |
| ) | Judge Walker |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| EVA M. LEMEH, TRUSTEE, ) | |
| ) | |
| PLAINTIFF. ) | Adv. Proc. No. 3:25-ap-90080 |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| GO LIVE PRODUCTIONS, LLC, ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |
| ) | |

| EVA M. LEMEH, TRUSTEE, | ) | |
|---|---|---|
| PLAINTIFF. | ) | Adv. Proc. No. 3:25-ap-90081 |
| vs. | ) | |
| HEMPHILL BROTHERS LEASING COMPANY, LLC, | ) | |
| DEFENDANT. | ) | |

| EVA M. LEMEH, TRUSTEE, | ) | |
|---|---|---|
| PLAINTIFF. | ) | Adv. Proc. No. 3:25-ap-90083 |
| vs. | ) | |
| MICHAEL ANDREWS AUDIO VISUAL SERVICES INC., | ) | |
| DEFENDANT. | ) | |

**ORDER APPROVING COMPROMISE AND SETTLEMENT**

This matter having come for hearing on the motion (the "Motion") filed Eva M. Lemeh, chapter 7 trustee herein ("Trustee"), pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, for an order approving the compromise and settlement of the following adversary proceedings (the "APs") against the following defendants (the "Defendants"):

| **Adversary Proceeding No. (the "APs")** | **Defendant (the "Defendants")** |
|---|---|
| 25-90080 | Go Live Productions, LLC |
| 25-90081 | Hemphill Brothers Leasing Company, LLC |
| 25-90083 | Michael Andrews Audio Visual Services, Inc. |

8

And no party-in-interest having timely filed a response to the Motion; and the Court being satisfied that the relief herein is appropriate under the circumstances; and the court being otherwise sufficiently advised,

IT IS HEREBY FOUND THAT:

A. The Trustee, in the proper exercise of her business judgment, determined that the relief afforded herein is in the best interests of the Debtor's creditors.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. The Trustee is hereby authorized to enter into all necessary documents, including settlement agreements or agreed orders, to consummate the following settlements:

> (a) Go Live Productions, LLC; AP No. 25-90080: Go Live Productions, LLC shall pay the Trustee $2500.00 in full and final settlement of AP No. 25-90080. Go Live Productions, LLC shall also be deemed to have waived any claims against this estate. Upon receipt of $2500.00, the Trustee shall dismiss AP No. 25-90080 with prejudice.
>
> (b) Hemphill Brothers Leasing Company, LLC; AP No. 25-90081: Hemphill Brothers Leasing Company, LLC shall pay the Trustee $13,572.81 in full and final settlement of AP No. 25-90081. Hemphill Brothers Leasing Company, LLC shall also be deemed to have waived any claims against this estate. Upon receipt of $13,572.81, the Trustee shall dismiss AP No. 25-90081 with prejudice.
>
> (c) Michael Andrews Audio Visual Services, Inc.; AP No. 25-90083: Michael Andrews Audio Visual Services, Inc. shall pay the Trustee $16,817.58 in full and final settlement of AP No. 25-90083. Michael Andrews Audio Visual Services, Inc. shall also be deemed to have waived any claims against this estate that results from the payment of the settlement payment hereunder. Upon receipt of $16,817.58, the Trustee shall dismiss AP No. 25-90083 with prejudice.

3. The Court will retain jurisdiction to adjudicate any disputes that may arise under this order and to enforce the terms of this order.

9

> This order was signed and entered electronically as indicated at the top of the first page.

AGREED TO AND
APPROVED FOR ENTRY:

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Tel: 615-465-6008
phillip@thompsonburton.com

*Counsel to Trustee*

10